# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF ELIZABETH HUFFMAN, et al., ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-13 |
| ) | |
| JOHN LANCASTER, et al., ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 26.) As the proposed order is deficient, it will be DENIED.

The proposed definition of "confidential information" is overly-inclusive and vague. It seeks to protect "[a]ll personal information regarding any current or former employee of the Blackford County Sheriff's Department" and "[a]ll documents of whatever nature with respect to the confidential internal operations of the Blackford County Sheriff's Department." (Proposed Agreed Protective Order ¶ 2.)

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid). Accordingly, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Id.* (noting that a broad

protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Of course, with respect to employees, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id*.; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Moreover, as to the "internal operations" of the Sheriff's Department, "[i]f the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Cook*, 206 F.R.D. at 249.

Perhaps even more significantly, the proposed order provides for the filing under seal of entire documents that "incorporate" or "disclose" confidential information, instead of simply protecting the actual confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is

2

not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

The Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *See, e.g., Cincinnati Insurance*, 178 F.3d at 945. "Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate. For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 26).

SO ORDERED.

Enter for this 20th day of April, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge