## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF ELIZABETH HUFFMAN, )<br>by Patricia Huffman, as Personal Representative )<br>and PATRICIA HUFFMAN, individually, )<br>   )<br>Plaintiffs, )<br>   )<br>v. )<br>   )<br>JOHN LANCASTER, individually and in his )<br>official capacity as Sheriff of Blackford County; )<br>COUNTY OF BLACKFORD, IN, a public entity; )<br>FRED WALKER, individually and in his official )<br>capacity as Blackford County Commissioner; )<br>HARRY PEARSON, individually and in his official )<br>capacity as Blackford County Commissioner; )<br>ROBERT O'ROURKE, individually and in his )<br>official capacity as Blackford County Commissioner; )<br>CHARLES CRAWFORD, individually and in his official )<br>capacity with the Blackford County Sheriff's Dept.; and )<br>JAMES McPHERSON, individually and in his official )<br>capacity with the Blackford County Sheriff's Dept., )<br>   )<br>Defendants. ) | CAUSE NO. 1:11-cv-13 |

## **OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for a 45-day Extension of Time to Respond to Defendants' Discovery Requests. (Docket # 24.) The Plaintiffs' Motion, however, will be DENIED.

Under this Court's Local Rule 37.1(b), every motion concerning discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action." Local Rule 37.1(c) also directs that the certification be filed "in a separate document filed contemporaneously with the motion."

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted). *See also Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, the Plaintiff has not filed the required certification to show that the parties met and conferred in good faith in an attempt to resolve this dispute. The Plaintiff has only stated that "counsel for the Defendants has been contacted previously and has objected to extending time." (Pls.' Mot. ¶ 7.) Without the required certification, the Motion is denied.

Similarly, the motion is denied because the Plaintiffs have failed to show good cause for an extension of time. "Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R. Civ. P. 6(b); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. The Plaintiffs' Motion makes no attempt to show that good cause

exists for an extension of time and, accordingly, the motion is also denied on this basis.

In conclusion, the Plaintiffs' Motion for Extension of Time to Respond to Defendants' Discovery Requests (Docket # 24) is DENIED because the Plaintiffs have failed to submit the necessary Local Rule 37.1 certification and have failed to show that good cause exists for an extension.

SO ORDERED.

April 29, 2011

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge